**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT CINCINNATI**

| | | |
|---|---|---|
| WARREN TINCH, | : | Case No. C-1-01-162 |
| Petitioner, | : | JUDGE BECKWITH |
| vs. | : | MAGISTRATE JUDGE SHERMAN |
| HARRY RUSSELL, Warden, | : | |
| Respondent. | : | HABEAS CORPUS |

### RESPONDENT'S OPPOSITION TO PETITIONER'S MOTION UNDER Fed. R. Civ. P. 60(b)

Counsel for Respondent, Harry Russell, opposes Petitioner's motion under Fed.R.Civ. P. 60(b) to grant him relief from judgment for the reasons explained in the attached memorandum.

Respectfully submitted,

JIM PETRO (0022096)
Attorney General

s\Thelma Thomas Price
THELMA THOMAS PRICE (0033976)
Assistant Attorney General
Corrections Litigation Section
150 East Gay Street, 16th Floor
Columbus, Ohio 43215
Phone: (614) 644-7233
Fax: (614) 728-9327
e-mail: tprice@ag.state.oh.us

**MEMORANDUM IN SUPPORT**

The Sixth Circuit Court of Appeals held in *McQueen v. Scroggy*, 99 F.3d 1302 (6th Cir. 1996) that a motion for relief from judgment filed under Fed.R.Civ. P. 60(b) is the equivalent of a successive petition. More recently it is has said that such petitions must be scrutinized under 28 U.S.C. Section 2244(b). See *Halliburton v. United States,* 59 Fed. Appx. 55 (6th Cir. 2003). The Ninth Circuit Court of Appeals held that such a motion constitutes a successive petition if the petitioner's first petition was dismissed on the merits. *Barrett v. Yearwood*, et. al, 2003 U.S. App. LEXIS 18138 (9th Cir. 2003), relying upon *Thompson v. Calderon*, 151 F.3d 918 (9th Cir. 1998) and *Sanders v. United States*, 373 U.S. 1 (1963). Tinch's first petition herein was dismissed by this court on the merits on September 25, 2003.

Though a motion under Fed.R.Civ. P. 60(b) must ordinarily be treated as a request to file a successive petition and transferred to the Sixth Circuit Court of Appeals pursuant to *In Re Sims*, 111 F.3d 45 (6th Cir. 1997), in this case it may not be appropriate. In each of the above-cited cases, the petitioner sought to have his original substantive claims reviewed again by the court. In cases where the petitioner seeks review of a procedural question that arises solely in the course of the habeas corpus proceedings, as here where Petitioner alleges that he complied with a procedural rule prior to the district court's decision, other federal courts have held that such a motion should not be treated as a second petition. See *Rodwell v. Pepe*, 324 F.3d 66 (1st Cir. 2003); *Dunlap v. Litscher*, 301 F.3d 873 (7th Cir. 2002).

2

In *Rodwell v. Pepe*, 324 F.3d 66 (1st Cir. 2003), the First Circuit Court of Appeals followed *Thompson v. Calderon* and held that a Rule 60(b) motion must generally be reviewed as a successive petition. That Court further explained however that a Rule 60(b) motion should be analyzed in order to properly determine whether it should be treated as a successive petition or otherwise, saying:

> Defendant asserted that a fellow inmate who testified against him at his state murder trial was an agent of the government who improperly questioned him without his counsel present. The appellate court held that, when the inmate filed a motion for relief from the judgment dismissing his petition, under Fed. R. Civ. P. 60(b), if the factual predicate in support of the motion was a direct challenge to the constitutionality of his underlying conviction, the motion was to be treated as a successive habeas petition subject to the limitations of 28 U.S.C.S. Sec. 2244(b)(3) of the Antiterrorism and Effective Death Penalty Act (AEDPA). If the motion attacked the manner in which the earlier habeas judgment was procured, it could be adjudicated under Fed. R.Civ. P. 60(b) jurisprudence. The inmate's motion presented a direct challenge to the constitutionality of his state court conviction because it asked for an opportunity to offer facts that (in the inmate's view) would prove his conviction was "constitutionally infirm." This claim was a paradigmatic habeas claim subject to the AEDPA's restrictions on the filing of second or successive habeas petitions.

Similarly, in *Dunlap v. Litscher,* the Seventh Circuit had this to say about handling Rule 60(b) motions:

> It is only when Rule 60(b) conflicts with AEDPA that it is unavailable to a prisoner. Rule 60(b) has a very broad scope and it is easy to imagine cases in which allowing a prisoner to file a motion under it would pose no risk of conflict with the limitations that AEDPA places on successive collateral attacks on state or federal criminal judgments. Suppose the state procured dismissal of a prisoner's first federal habeas corpus proceeding by making fraudulent representations to the district court, and the prisoner discovered this and filed a motion with the district court to vacate the judgment of dismissal. AEDPA would not be offended by allowing the district court to entertain the motion. See *Banks v.*

3

>*United States, supra,* 167 F.3d at 1083-84; *Thompson v. Calderon, supra,* 151 F.3d at 921 n.3.

Because the reasoning of the First and Seventh circuits is reasonable in suggesting that there is no conflict with the AEDPA when a district court considers certain Rule 60(b) motions following the denial of a habeas corpus petition on the merits, Respondent submits that this court should consider the motion herein.

Though the Respondent does not challenge the propriety of review by the district court, Counsel does urge the court to deny the motion. This court must deny the motion for two reasons.

First, this court must deny the motion because Tinch has miscalculated the due date of his objections based upon his three requests for extension of time. He filed his first extension within the fifteen-day period after the Magistrate's Report and Recommendation was filed as ordered by the Magistrate; the R & R was filed on June 13, 2003 and Tinch filed his first request for extension before June 28, 2003 on June 26, 2003. Tinch requested an extension of 60 days. Prior to the expiration of that 60-day period on August 27, 2003, Tinch filed a second request for extension on August 22, 2003.[1] Tinch requested an additional 20 days, extending his time to September 16, 2003. When Tinch failed to file his objections by September 16, 2003, he filed a third request for extension that he claims to have mailed on September 23, 2003.

---

[1] Respondent is referring to the date of mailing as indicated in the certificate of service, filed by Petitioner. Respondent expresses no opinion as to the date the first two extensions were actually mailed by Tinch; the first two extensions were granted.

4

Tinch appears to consider the latter date the due date of the objections. Tinch was however a week late in requesting his third extension even if he in fact "mailed" it on September 23, 2003.

The second reason that this court must deny Tinch's Rule 60(b) motion is that he attempts to invoke the benefit of the "mailbox rule" of *Houston v. Lack,* 487 U.S. 266 (1988) and *Beckovich v. Coyle*, 22 F.Supp. 2d 722 (N.D. Ohio 1998), without providing evidence to the court to support his claim that he deposited the extension request with the prison mailroom on September 23, 2003. See *Houston v. Lack* ("This date of deposit was recorded in the prison log of outgoing mail.") Tinch has not provided an affidavit from mailroom personnel attesting to the date he deposited the mail with them or attached certified copies of the mailroom log reflecting that he mailed the motion in question on September 23, 2003. For this second reason, this district court must deny Tinch's motion under Fed. R. Civ. P. 60(b).

    Respectfully submitted,

    JIM PETRO (0022096)
    Attorney General


    s\Thelma Thomas Price_____
    THELMA THOMAS PRICE (0033976)
    Assistant Attorney General
    Corrections Litigation Section
    150 East Gay Street, 16th Floor
    Columbus, Ohio 43215
    Phone: (614) 644-7233
    Fax: (614) 728-9327
    e-mail: tprice@ag.state.oh.us

## **CERTIFICATE OF SERVICE**

I hereby certify that a true and accurate copy of the foregoing *Respondent's Opposition to Petitioner's Motion Under Fed. R. Civ. P. 60(b)* was sent to Petitioner Warren Tinch, #248-719, Lebanon Correctional Institution, P.O. Box 56, Lebanon, Ohio 45036, via first class U.S. mail, on this 21st day of November 2003.

                                                                s\Thelma Thomas Price
                                                                THELMA THOMAS PRICE
                                                                Assistant Attorney General