ROYCE BARRETT, Petitioner - Appellant, v. SUSAN YEAR WOOD;Respondent, ROBERT MEEKS, Respondent - Appellee.

No. 02-17044

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

2003 U.S. App. LEXIS 18138

August 12, 2003 **, Submitted, San Francisco, California

** This panel unanimously finds this case suitable for decision without oral argument. See Fed. R. App. P. 34(a)(2).

August 29, 2003, Filed

NOTICE:

[*1] RULES OF THE NINTH CIRCUIT COURT OF APPEALS MAY LIMIT CITATION TO UNPUBLISHED OPINIONS. PLEASE REFER TO THE RULES OF THE UNITED STATES COURT OF APPEALS FOR THIS CIRCUIT.

PRIOR HISTORY: Appeal from the United States District Court for the Eastern District of California. D.C. No. CV-98-02226-LKK. Lawrence K. Karlton, Senior Judge, Presiding. *Barrett v. Yearwood, 63 F. Supp. 2d 1245, 1999 U.S. Dist. LEXIS 18153 (E.D. Cal., 1999)*

DISPOSITION: Reversed and remanded.

CASE SUMMARY:

PROCEDURAL POSTURE: Petitioner inmate appealed an order of the United States District Court for the Eastern District of California, which denied his Fed. R. Civ. P. 60(b) motion.

OVERVIEW: Because of an error on the part of the clerk's office, the inmate did not receive a January 9, 1998 order granting him 30 days to amend his habeas petition to strike unexhausted claims. Unaware that the inmate had not received the order, a magistrate recommended on March 17, 1998 that the petition be dismissed. The January order and the March recommendation were mailed to the inmate's current address. The inmate did not contact the district court upon receipt of the documents, and on June 26, 1998 the district court dismissed the petition without prejudice. The district court subsequently denied the Rule 60(b) motion. The instant court concluded that the district court abused its discretion by considering only the inmate's proffered reason for delay. The third and fourth Pioneer factors weighed strongly in favor of the inmate. His reason for delay was compelling. As a pro se plaintiff who received two late, contradictory communications from the district court, one of which had expired several months before he received it, the inmate was understandably confused about how to respond. It also appeared that inmate pursued his petition in good faith.

OUTCOME: The district court's order was reversed.

LexisNexis (TM) HEADNOTES - Core Concepts:

Civil Procedure: Relief From Judgment: Mistake & Excusable Neglect
[HN1] When considering a Fed. R. Civ. P. 60(b) motion based on a claim of excusable neglect, a district court must consider the following equitable factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in good faith. Although a district court need not recite the Pioneer factors verbatim, it is an abuse of

discretion to grant or deny a Rule 60(b) motion without discussing the facts relevant to each equitable factor.

COUNSEL: For ROYCE BARRETT, Petitioner - Appellant: Daniel J. Broderick, AFPD, Quin Denvir, Esq., FPDCA - FEDERAL PUBLIC DEFENDER'S OFFICE (SACRAMENTO), Sacramento, CA.

For ROBERT MEEKS, Respondent - Appellee: Brian George Smiley, Attorney General's Office, Sacramento, CA.

JUDGES: Before: HALL, O'SCANNLAIN, and LEAVY, Circuit Judges.

OPINION: MEMORANDUM *

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - - -

* This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by *Ninth Circuit Rule 36-3*.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

Royce Barrett, a former state prisoner, appeals the district court's denial of his motion for relief from a judgment dismissing his *28 U.S.C. § 2254*[*2] habeas petition. We REVERSE.

On June 3, 1997, Barrett filed a timely habeas petition. On January 9, 1998, a magistrate judge issued an order granting Barrett, who was then proceeding pro se, thirty days to amend his petition to strike unexhausted claims. Because of an error on the part of the clerk's office, Barrett did not receive the order within the thirty-day period. Unaware that Barrett had not yet received the order, on March 17, 1998, the magistrate recommended that Barrett's petition be dismissed. The findings and recommendations were mailed to Barrett's former address as the result of another error on the part of the clerk's office. On May 7, 1998, the clerk's office mailed the then-expired January 9, 1998 order, along with the March 17, 1998 findings and recommendations, to Barrett's current address. Barrett did not contact the district court upon receipt of the documents.

On June 26, 1998, the district court adopted the magistrate's findings and recommendations, and dismissed Barrett's petition without prejudice. On June 4, 1999, Barrett, now represented by the public defender's office, filed a motion seeking relief from the June 26, 1998, judgment pursuant to *Federal Rule of Civil Procedure 60(b)* [*3] . n1 The district court denied the motion, and Barrett appealed.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - - -

n1 We note that a *Rule 60(b)* motion for relief from dismissal of a habeas petition is generally treated as a successive petition. *Thompson v. Calderon, 151 F.3d 918, 921 (9th Cir. 1998)* (en banc) (reasoning that "[a] *Rule 60(b)* motion filed after denial of an initial petition for habeas corpus raises concerns similar to those implicated by a second petition ") (citing *Bonin v. Vasquez, 999 F.2d 425, 428 (9th Cir. 1993))*. Accordingly, a district court may not ordinarily consider the merits of a habeas petitioner's *Rule 60(b)* motion absent an order from a three-judge appellate panel specifically granting the district court authorization to do so. Id.; *28 U.S.C. § 2244(b)(3)*. This prohibition, however, applies only where the initial dismissal of the petition was "on the merits." *Sanders v. United States, 373 U.S. 1, 15, 10 L. Ed. 2d 148, 83 S. Ct. 1068 (1963)*. A dismissal is not considered to be "on the merits" if, after dismissal, "the opportunity [was] still open for the defendant to obtain a disposition on the merits of his or her claims." *Howard v. Lewis, 905 F.2d 1318, 1322 (9th Cir. 1990)*. Here, the original petition was dismissed without prejudice for failure to respond to an order requiring Barrett to timely amend his petition. The dismissal did not bar Barrett from further consideration of the claims raised in his original petition. For this reason, Barrett's *Rule 60(b)* motion is not the equivalent of a successive petition.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

[*4]

[HN1] When considering a *Rule 60(b)* motion based on a claim of excusable neglect, a district court must consider the following equitable factors: (1) the danger of prejudice to the opposing party; (2) the length of the delay and its potential impact on the proceedings; (3) the reason for the delay; and (4) whether the movant acted in

good faith. *Bateman v. United States Postal Serv., 231 F.3d 1220, 1223-24 (9th Cir. 2000)* (citing *Pioneer Investment Servs. Co. v. Brunswick Assocs. Ltd. P'ship, 507 U.S. 380, 395, 123 L. Ed. 2d 74, 113 S. Ct. 1489 (1993))*. Although a district court need not recite the Pioneer factors verbatim, it is an abuse of discretion to grant or deny a *60(b)* motion without discussing the facts relevant to each equitable factor. *Id.* Here, the district court abused its discretion by considering only Barrett's proffered reason for delay. Bateman thus mandates reversal.

Remand for consideration of the four Pioneer factors is unnecessary in this case because the record clearly indicates that the motion for relief from judgment should have been granted. See *Bateman, 231 F.3d at 1224* ("Where the record is sufficiently complete for us to conduct[*5] the analysis ourselves, it would be inefficient to remand the issue to the district court."). The first two Pioneer factors, the possibility of prejudice and the potential impact on the proceedings, are essentially neutral. Because the government had already submitted its substantive response to the merits of Barrett's petition before it was dismissed, reviving the petition at this late stage would not significantly prejudice the government. For the same reason, Barrett's delay is not likely to have a significant impact on the proceedings. The third and fourth Pioneer factors, by contrast, weigh strongly in favor of Barrett. Barrett's reason for delay is quite compelling. As a pro se plaintiff who received two late, contradictory communications from the district court, one of which had expired several months before he received it, Barrett was understandably confused about how to respond. Finally, it appears that Barrett has pursued his petition in good faith. For these reasons, Barrett is entitled to relief from the June 26, 1998 dismissal of his timely-filed habeas petition. n2

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - -

n2 Barrett also appeals the district court's dismissal of a second habeas petition, filed on November 17, 1998, as untimely. In view of our conclusion that Barrett is entitled to relief from the order dismissing his first petition, we need not address Barrett's claim that equitable tolling rendered his second petition timely.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - -

[*6]

REVERSED and REMANDED.