WILLIE JAMES HALLIBURTON, Petitioner-Appellant, v. UNITED STATES OF AMERICA, Respondent-Appellee.

No. 02-5670

UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT

59 Fed. Appx. 55; 2003 U.S. App. LEXIS 2038

February 4, 2003, Filed

NOTICE:

[**1] NOT RECOMMENDED FOR FULL-TEXT PUBLICATION. SIXTH CIRCUIT RULE 28(g) LIMITS CITATION TO SPECIFIC SITUATIONS. PLEASE SEE RULE 28(g) BEFORE CITING IN A PROCEEDING IN A COURT IN THE SIXTH CIRCUIT. IF CITED, A COPY MUST BE SERVED ON OTHER PARTIES AND THE COURT. THIS NOTICE IS TO BE PROMINENTLY DISPLAYED IF THIS DECISION IS REPRODUCED.

PRIOR HISTORY: Western District of Tennessee. 02-02118. Donald. 94-20247. 04-19-02.

DISPOSITION: Affirmed.

CASE SUMMARY:

PROCEDURAL POSTURE: Petitioner was convicted of possession with intent to distribute cocaine base. Petitioner presented a fourth postconviction action without seeking permission to file a successive petition. The United States District Court for the Western District of Tennessee dismissed the action for lack of jurisdiction and imposed a $150 sanction for directly disobeying its order not to file any more unauthorized actions. Petitioner appealed.

OVERVIEW: The district court properly dismissed petitioner's action as petitioner had not first obtained permission to file his action as required by *28 U.S.C.S. §§ 2244*(b)(3)(A), 2255. Petitioner was clearly seeking to challenge the validity of his judgment of conviction and sentence after already having done so on three prior occasions. Petitioner's reliance on *28 U.S.C.S. § 1651* failed. The writ of mandamus was a drastic remedy, to be invoked only in extraordinary situations where the petitioner could show a clear and indisputable right to the relief sought. Such circumstances were not present in this case, especially where petitioner had failed to show entitlement to review under *28 U.S.C.S. § 2255*. Petitioner had also waived his right to assert any issue with respect to the district court's imposition of the $150 sanction by failing to assert any argument regarding it in his brief. Moreover, the district court had not abused its discretion in imposing the sanction pursuant to its inherent power to curb bad faith litigation.

OUTCOME: The judgment of the district court was affirmed.

LexisNexis (TM) HEADNOTES - Core Concepts:

Criminal Law & Procedure: Habeas Corpus: Successive Petitions
[HN1] A motion filed under Fed. R. Civ. P. 60(b) is properly construed as a second or successive postconviction action if the claims seek to challenge the validity of an underlying judgment of conviction. Under these circumstances, a petitioner must first obtain permission from the court of appeals before attempting to file a second or successive petition in the district court. *28 U.S.C.S. §§ 2244*(b)(3)(A), 2255.

Civil Procedure: Remedies: Extraordinary Writs
[HN2] *28 U.S.C.S. § 1651* must be construed in agreement with other "principles of law," per the expressed language of *28 U.S.C.S. § 1651*(a).

Civil Procedure: Remedies: Extraordinary Writs
[HN3] The writ of mandamus is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought.

Civil Procedure: Appeals: Reviewability: Preservation for Review
[HN4] Lack of argument in support of an issue constitutes a waiver of that issue on appeal.

Civil Procedure: Sanctions: Baseless Filings

[HN5] Pursuant to its inherent powers, a court in the United States Court of Appeals for the Sixth Circuit may impose sanctions to curb vexatious, bad faith litigation if the claims are meritless, the litigant knew or should have known that the claims are meritless, and the claims were filed for an improper purpose.

COUNSEL: WILLIE JAMES HALLIBURTON, Petitioner-Appellant, Pro se, Atlanta, GA.

For UNITED STATES OF AMERICA, Respondent-Appellee: Joseph C. Murphy, Jr., Asst. U.S. Attorney, Terrell L. Harris, U.S. Attorney, U.S. Attorney's Office, Memphis, TN.

JUDGES: Before: RYAN, BATCHELDER, and LAY, * Circuit Judges.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

 * The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

OPINION: [*56] ORDER

  Before: RYAN, BATCHELDER, and LAY, * Circuit Judges.

- - - - - - - - - - - - - - - - - -Footnotes- - - - - - - - - - - - - - - - - -

 * The Honorable Donald P. Lay, United States Circuit Judge for the Eighth Circuit, sitting by designation.

- - - - - - - - - - - - - - - - -End Footnotes- - - - - - - - - - - - - - - - -

  Willie[**2] J. Halliburton appeals a district court judgment that dismissed his miscellaneous postconviction action for lack of jurisdiction and that also imposed a monetary sanction in the amount of $150. The case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. See Fed. R. App. P. 34(a).

  In March 1996, Halliburton was convicted by a jury of possession with intent to distribute cocaine base in violation of 21 U.S.C. § 841, for which he received a 360 month term of imprisonment. This court affirmed his conviction and sentence on appeal. Thereafter, in December 1997 Halliburton filed a motion to vacate his sentence under 28 U.S.C. § 2255 which was denied in June 1998. In July 1998 Halliburton filed a second miscellaneous postconviction motion seeking relief from his judgment of conviction. The district court construed it as a second or successive motion to vacate his sentence and conviction and transferred it to the Sixth Circuit, which ultimately dismissed the motion for lack of prosecution. In September 1998, Halliburton[**3] filed a third miscellaneous postconviction motion seeking relief from his judgment of conviction under 18 U.S.C. § 3742(e) & (f). In February 1999, the district court denied the motion and therein also prohibited Halliburton from filing any further motions challenging his judgment of conviction without first obtaining permission from the court of appeals under 28 U.S.C. §§ 2244(b)(3)(A) & 2255 P8. Significantly, the district court also specifically warned Halliburton that if he continued to file postconviction pleadings without first seeking authorization from the Court of Appeals that he would be subject to further sanctions, including a monetary fine.

  Thereafter, despite the warning of sanctions, Halliburton filed his present fourth postconviction action entitled "Motion to Reopen the Original Judgment and or Sentencing Pursuant to Rule 60(b)(4) and 28 U.S.C. § 1651, as it Applies to 'Void Judgment.'" Halliburton sought to challenge his judgment of conviction and sentence claiming that it was void because the indictment was defective, he was erroneously sentenced as a career offender for two different reasons, [**4]and his firearm enhancement violates the Double Jeopardy Clause.

  Upon review, the district court dismissed the action for lack of jurisdiction and imposed a $150 sanction against Halliburton for directly disobeying its February 1999 order advising Halliburton not to file any more unauthorized actions and expressly warning him of the consequences of doing so. Halliburton has filed a timely appeal again raising his substantive arguments on appeal.

  Upon review, we conclude that the district court properly dismissed Halliburton's action as Halliburton had not first obtained permission to file his action as required by 28 U.S.C. §§ 2244(b)(3)(A) & 2255 P8. Halliburton was clearly seeking to challenge the validity of his judgment of conviction and sentence after already having done so on three prior occasions. [HN1] A

motion filed under Fed. R. Civ. P. 60(b) is properly construed as a second or successive postconviction action if the claims seek to challenge the validity of an underlying judgment of conviction. See *McQueen v. Scroggy, 99 F.3d 1302, 1335 (6th Cir. 1996)*. Under these circumstances, a petitioner must first obtain permission from the court[**5] of appeals before attempting to file a second or successive petition in the district court. See *28 U.S.C. §§ 2244*(b)(3)(A) & *2255* P8; [*57] *Charles v. Chandler, 180 F.3d 753, 757 (6th Cir. 1999); In re Green, 144 F.3d 384, 388 (6th Cir. 1998)*. Halliburton's reliance on the All Writs Statute, *28 U.S.C. § 1651,* is also misplaced, as [HN2] that statute must be construed in agreement with other "principles of law," per the expressed language of § 1651(a). Halliburton has nonetheless failed to show entitlement to the extraordinary relief afforded under this statute. [HN3] The writ of mandamus is a drastic remedy, to be invoked only in extraordinary situations where the petitioner can show a clear and indisputable right to the relief sought. See *Will v. Calvert Fire Ins. Co., 437 U.S. 655, 661-62, 57 L. Ed. 2d 504, 98 S. Ct. 2552 (1978); Kerr v. United States Dist. Court, 426 U.S. 394, 402-03, 48 L. Ed. 2d 725, 96 S. Ct. 2119 (1976)*. Such circumstances are not present in this case, especially where the petitioner has failed to show entitlement to review under § 2255. See *In re Davenport, 147 F.3d 605, 608 (7th Cir. 1998)*[**6] (rejecting motions for writs of mandamus, coram nobis, and audita querela).

Halliburton has also waived his right to assert any issue with respect to the district court's imposition of the $150 sanction by failing to assert any argument regarding it in his brief. He merely asserts in his prayer for relief that the court should vacate the sanction, but fails to assert any argument in support thereof. [HN4] Lack of argument in support of an issue constitutes a waiver of that issue on appeal. See *Indeck Energy Servs. Inc. v. Consumers Energy Co., 250 F.3d 972, 979 (6th Cir. 2000)* (issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived), cert. denied, *533 U.S. 964, 150 L. Ed. 2d 776, 121 S. Ct. 2623 (2001); United States v. Layne, 192 F.3d 556, 566 (6th Cir. 1999)* (same).

In any event the district court did not abuse its discretion in imposing the sanction pursuant to the court's inherent power to curb bad faith litigation. See *Chambers v. NASCO, Inc., 501 U.S. 32, 41-55, 115 L. Ed. 2d 27, 111 S. Ct. 2123 (1991); First Bank of Marietta v. Hartford Underwriters Ins. Co., 307 F.3d 501, 511-12 (6th Cir. 2002)*.[**7] [HN5] Pursuant to its inherent powers, a court in the Sixth Circuit may impose sanctions to curb vexatious, bad faith litigation if the claims are meritless, the litigant knew or should have known that the claims are meritless, and the claims were filed for an improper purpose. *First Bank of Marietta, 307 F.3d at 512 & 519*. All three factors are met in this case because Halliburton was expressly advised that he could not file any more claims challenging his judgment of conviction and sentence without first obtaining permission to do so from the Court of Appeals. Filing the claims without authorization in the face of this expressed advice and clear warning of a sanction if done anyway constitutes bad faith conduct that was properly sanctioned in the amount of $150. See *Joiner v. Evans, 27 Fed. Appx. 485, 486-87 (6th Cir. 2001)* (court upholds $500 Rule 11 sanction for filing vexatious and frivolous lawsuit); *United States v. Martin, 19 Fed. Appx. 345, 346 (6th Cir. 2001)* (court imposes $4,000 Rule 38 sanction against tax protester for filing multiple frivolous lawsuits and appeals); *Johnson v. Circuit City Stores, Inc., 18 Fed. Appx. 150, 151 (4th Cir. 2001)*[**8] (court imposes $500 Rule 38 sanction in lieu of fees and costs against litigant who sought to relitigate case finally decided two years previously); *Everett v. United States, 10 Fed. Appx. 336, 338 (6th Cir. 2001)* (court imposes $200 Rule 38 sanction for bringing frivolous lawsuit and appeal); *Singh v. Capital Univ. Law & Graduate Cir., 2000 U.S. App. LEXIS 4883,* Case *No. 99-3564, [*58] 2000 WL 302778,* at * 1-2 (6th Cir. March 17, 2000) (court upholds "relatively modest" $2000 Rule 11 sanction for filing of baseless lawsuit); *Southwell, II v. Comm'r, 1999 U.S. App. LEXIS 21084,* Case *No. 98-1796, 1999 WL 623476,* at *2 (6th Cir. Aug. 10, 1999) (court imposes $2000 Rule 38 sanction against tax protester for bringing frivolous petition and appeal); *Hyland v. Davis, 1998 U.S. App. LEXIS 13446,* Case *No. 97-1243, 1998 WL 384556,* at *1-3 (6th Cir. June 18, 1998) (court upholds $500 Rule 11 sanction for filing of frivolous lawsuit).

Accordingly, we affirm the district court's judgment. See Rule 34(j)(2)(C), Rules of the Sixth Circuit.