IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Warren V. Tinch,                )
                                )   Case No. C-1-01-162
            Petitioner,         )
                                )
    vs.                         )
                                )
Harry Russell,                  )
                                )
            Respondent.         )

## O r d e r

On June 13, 2003, United States Magistrate Judge Jack Sherman, Jr., issued a report and recommendation pursuant to which he recommended that Petitioner's petition for writ of habeas corpus be denied with prejudice. Within the period for objections to that report and recommendation, Petitioner moved for an extension of sixty days within which to file objections. The Court granted that motion, extending the deadline for filing objections to August 30, 2003. Because August 30 was a Saturday, the effective deadline became September 2, 2003.

On August 27, 2003, Petitioner moved for an additional twenty days within which to file objections. The Court granted that motion, effectively extending the deadline for the filing of objections from September 2 to September 22, 2003. When Petitioner had not filed objections by that date, the Court adopted the Magistrate Judge's report and Recommendation. On

September 25, 2003, the Clerk entered judgment on the basis of the Court's order adopting the report and recommendation.

On September 29, 2003, the Clerk received Petitioner's motion for an extension of ten days within which to file objections (Doc. 23). On October 6, 2003, Petitioner filed a motion for relief from judgment (Doc. 24) on the ground that he had placed his motion for a ten-day extension in the prison mailbox on September 22, 2003. On that basis, he contends that his motion for a third extension was timely and that the Court erred in entering judgment without considering his motion.

As Respondent notes Petitioner offers no evidentiary support for his representation that he placed the motion for a third extension in the prison mailbox on September 22, the final day on which such a motion would have been considered timely. The Court wholly discounts that representation in any event in light of Petitioner's signature on the certificate of service affixed to the motion in which he states that he mailed the motion on September 23, 2003. The motion was placed in the outgoing mail one day after it could last have been timely filed. Accordingly, the Court concludes that it did not enter judgment in error. Petitioner's motion for relief from judgment and his third motion for an extension of time within which to file objections are hereby **DENIED**.

**IT IS SO ORDERED.**

                                                  /s/
                                      Sandra S. Beckwith

                United States District Judge